# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

SHEKU M. KALLON, JR.,

    Plaintiff,

v.

M&T BANK,
BAYVIEW LOAN MORTGAGE
SERVICING and
SUNTRUST BANK,

    Defendants.

Civil Action No. TDC-17-2752

## MEMORANDUM ORDER

Plaintiff Sheku M. Kallon, Jr. has filed a Complaint against Defendants M&T Bank Corporation ("M&T"), Bayview Loan Servicing, LLC ("Bayview"), and SunTrust Bank ("SunTrust") alleging fraud in violation of the "Mortgage Modification Fraud Enforcement and Recovery Act." Compl. at 4, 6, ECF No. 1. Specifically, Kallon alleges that Defendants violated "Public [Law] 111-21" when M&T "processed a loan modification that was fraudulent[ly] processed since it was never reported to Freddie Mac," Bayview "processed the illegal and fraudulent modifications," and SunTrust "illegally sold the mortgage note" for a residence located at 3324 Whitmore Court in Acworth, Georgia ("the Property"). *Id.* at 6. On February 26, 2018, Kallon filed a "Motion for an Emergency Restraining Order to Stay the Sale of Real Property and Temporary Injunctive Relief Barring the Sale of the Real Property by Defendants," seeking an injunction preventing the sale of the Property.

The Court construed Kallon's Motion as a Motion for a Preliminary Injunction and ordered Defendants to respond. SunTrust filed a Motion to Dismiss on March 23, 2018, arguing

that Kallon's claim is barred by the applicable statute of limitations and otherwise fails to state a plausible claim for relief. On March 27, 2018, M&T and Bayview ("the M&T Defendants") jointly filed a Motion to Dismiss and an Opposition to the Motion for a Preliminary Injunction, arguing that (1) Kallon has failed to state a plausible claim for relief and that his claims are time-barred; (2) Kallon's proposed injunction is barred by the Anti-Injunction Act, 28 U.S.C. § 2283 (2012); and (3) Kallon does not satisfy any of the required elements for a preliminary injunction. Kallon has not filed an Opposition to either Motion.

The facts of this case are straightforward and undisputed.[1] Kallon and his then-wife, Hassanatou S. Kallon ("Ms. Kallon"), received a mortgage loan from SunTrust on May 16, 2007 secured by a Security Deed on the Property. On December 4, 2013, SunTrust assigned the Security Deed to Bayview. Subsequently, Ms. Kallon filed for divorce, and a hearing was held in the Superior Court of Cobb County, Georgia on January 4, 2018. On January 22, 2018, that court entered a Final Judgment and Decree of Divorce, in which it ordered Kallon to convey his interest in the Property to Ms. Kallon and directed that the Property be sold as quickly as possible, with the proceeds to be split equally between them. The M&T Defendants have informed the Court that the loan is in default and that the Property will be sold in a foreclosure auction on May 1, 2018.

---

[1] The Court takes judicial notice of Exhibits A-C of M&T's Motion to Dismiss, as each of these documents were filed in the land records of Cobb County, Georgia and are matters of public record. *See* Fed. R. Evid. 201(b)(2); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that a court may take judicial notice of matters of public record). The Court may also consider the Note relating to Kallon's mortgage loan, which was submitted by SunTrust with its Motion, because it is integral to the Complaint and of undisputed authenticity. *See Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (stating that a court may take judicial notice of documents attached to a motion to dismiss, "so long as they are integral to the complaint and authentic").

The Court first considers Defendants' Motions to Dismiss. To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

In addition, because Kallon's allegations sound in fraud, he is subject to the heightened pleading standards of Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Under this heightened pleading standard, Kallon must allege "the time, place, and contents" of the fraudulent representation, the identity of the person who made the misrepresentation, and "what he obtained thereby." *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

The Court finds that Kallon's claims must be dismissed for failure to state a claim. Kallon alleges that the processing of a loan modification in January 2013 by M&T and Bayview, and later loan modifications by the same entities between January 2013 and June 2015, were fraudulent because they were not reported to or recorded with Freddie Mac and resulted in additional payments and excessive fees. Kallon further alleges that SunTrust's transfer of the Note to M&T, which occurred in December 2013, was illegal and fraudulent. The only

identified statutory basis for these claims, the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, 123 Stat. 1617, does not provide a viable cause of action based on these facts. FERA amended certain criminal statutes relating to false statements in mortgage applications that are inapplicable to this civil case, and it authorized funding to the U.S. Department of Justice to combat mortgage fraud, but it otherwise does not relate to mortgages, loan modifications, or transfers of notes and security deeds. Thus, Kallon has not stated a plausible statutory claim.

Even if construed as common law fraud claims, the Complaint fails to state a plausible claim for relief. First, such claims are subject to Maryland's three-year statute of limitations for civil claims. Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2011). Kallon's claim against SunTrust, which arose in December 2013, had to have been filed by December 2016. The claim against the M&T Defendants relating to the January 2013 loan modification had to have been filed by January 2016. Where the Complaint was filed on September 15, 2017, these claims are time-barred, as are any claims arising from loan modifications occurring before September 15, 2014.

Second, even if the claim against SunTrust was not time-barred, the Court finds that Kallon has failed to state a plausible claim for relief because the Note associated with Kallon's loan unequivocally states that SunTrust "may transfer this Note." SunTrust Mot. Dismiss Ex. A at 1, ECF No. 23-2.

Third, to the extent that the Complaint can be construed to assert fraud arising from a loan modification within the limitations period, such as one occurring in June 2015, Kallon's generalized references to loan modifications that are "fraudulent[ly] processed," without identifying a particular loan modification, date, or fraudulent statement, do not plead fraud with

4

sufficient particularity to put the M&T Defendants on notice of what the alleged fraud was, when it occurred, or who committed it. *See* Fed. R. Civ. P. 9(b); *Harrison*, 176 F.3d at 784. Even if Kallon were allowed to amend the Complaint, the Court concludes that he could not assert a valid claim. Kallon's legal theory is that the alleged loan modifications were fraudulent because they were "never reported to Freddie Mac," Compl. at 6, yet FERA does not provide that a failure to report loan modifications to Freddie Mac constitutes fraud, and the Court has not identified any other federal or state law that does so. Thus, any amendment by Kallon based on his asserted facts and legal theory would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (stating that leave to amend should be denied if "the amendment would be futile"). Accordingly, the Court will grant both Motions to Dismiss.

As a result, Kallon's Motion for a Preliminary Injunction necessarily fails. To obtain a preliminary injunction, a moving party must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the moving party's favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). Where the Court has found that Kallon's claims must be dismissed, Kallon cannot meet the first requirement of likelihood of success on the merits. Accordingly, the Motion for a Preliminary Injunction will be denied. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (holding that a moving party must satisfy each requirement in order to obtain a preliminary injunction), *vacated on other grounds*, 559 U.S. 1089 (2010). The Court also notes that the Anti-Injunction Act, which bars a federal court from granting "an injunction to stay proceedings in a State court," would bar the issuance of Kallon's requested injunction. 28 U.S.C. § 2283. Since the sale of the Property has

been ordered by a court of the State of Georgia, the Anti-Injunction Act is an "absolute prohibition" against interference in those proceedings except under specific circumstances not at issue in this case. *Denny's, Inc. v. Cake*, 364 F.3d 521, 528 (4th Cir. 2004).

Accordingly, it is hereby ORDERED that:

1. Kallon's Motion for an Emergency Restraining Order to Stay the Sale of Real Property and Temporary Injunctive Relief Barring the Sale of the Real Property by Defendants, ECF No. 17, construed as a Motion for Preliminary Injunction, is DENIED.
2. SunTrust's Motion to Dismiss, ECF No. 23, is GRANTED.
3. M&T and Bayview's Motion to Dismiss, ECF No. 25, is GRANTED.
4. The Clerk is directed to CLOSE this case.
5. The Clerk shall MAIL a copy of this Order to Kallon.

Date: April 27, 2018

THEODORE D. CHUANG
United States District Judge